IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BLUFF CREEK PRODUCTION, LLC, | § | CASE NO. 16-70045 |
| | § | (Chapter 11) |
| Debtor. | § | |
| _____ | § | |
| | § | |
| BLUFF CREEK PRODUCTION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADV. PROC. NO. _____ |
| | § | |
| NEWAMCO, LLC. | § | |
| | § | |
| Defendant. | § | |

PLAINTIFFS' EMERGENCY APPLICATION FOR
TEMPORARY RESTRAINING ORDER OR INJUNCTIVE RELIEF
PURSUANT TO BANKRUPTCY RULE 7065

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Bluff Creek Production, LLC ("Bluff Creek" or the "Debtor") respectfully files this Emergency Application for a Temporary Restraining Order or in the alternative, for Injunctive Relief (the "Application") and as grounds therefore would show the court as follows:

I

JURISDICTION AND VENUE

1. This adversary proceeding arises out of and is related to the above-captioned chapter 11 case pending before this Court. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) and 11 U.S.C. §105 and venue is proper in this Court pursuant to 28 U.S.C.

§1409(a).

2. By this Emergency Application, the Plaintiff is seeking a temporary restraining order, or if the Defendant is available for a hearing before the scheduled August 2, 2016 foreclosure, an injunction pursuant to sections 105(a) and (ii) Rule 7065 of the Bankruptcy Rules of Procedure, to immediately enjoin Defendant and any third party acting in concert with Defendant from foreclosing on the Debtor's property.

II.

PARTIES

3. Plaintiff Bluff Creek is a Texas Limited Liability Company and a debtor and debtor-in-possession in this case.

4. Defendant NEWAMCO, LLC, is the purchaser of the note previously owed by Debtor to a bank and is currently represented by counsel in Houston, Texas and may be served through its counsel, Ross Spence, at Snow Spence Green, LLP, 2929 Allen Parkway, Suite 2800, Houston, Texas 77019, who has made an appearance in this case.

III.

BACKGROUND FACTS

5. The facts and circumstances supporting this Application are set forth in the Declaration of Robert G. Call attached hereto as Exhibit 1 (the "Declaration").

6. Debtor and NEWAMCO announced to the court on July 5, 2016 that they had agreed to certain terms and the Court thereafter entered an Order proposed by NEWAMCO. The order was entered by the court on July 6, 2014 (Docket No. 56).

7. Debtor entered into good faith negotiation with NEWAMCO but notwithstanding its best efforts was not able to agree to the terms as proposed by NEWAMCO.

Alleged Deficiency

8. In particular NEWAMCO introduced new allegations regarding pending claims that it no longer wanted to pay, plus it held that the properties that were part of the related security agreement were worth less that what the Debtor felt they were worth, and in that connection alleged that it would assert a $2,000,000.00 deficiency.

9. While Debtor is of the opinion that the oil and gas leases are worth more than the claims against it, an opinion different from that held by NEWAMCO, NEWAMCO insisted on alleging said deficiency notwithstanding that it would agree that said deficiency was not agreed to by Debtor.

10. More particularly, the properties that are subject to the security agreement are more fully described in Exhibit "A," which is attached hereto and is incorporated herein for all purposes.

11. The representation from counsel for NEWAMCO was that the deficiency would be used to defend against any *undeclared* claims by vendors.

12. The position of Debtor was that the alleged deficiency could prove fatal in any future action it could bring against any other party.

Pending Purchase Offer

13. Any foreclosure of a creditor's secured interest would render no dividend to any of the Debtor's unsecured creditors.

14. In that connection Debtor has been apprised of the possibility of an offer of $8,000,000.00 from Global Group Enterprises (www.globalenterprisesllc.com), a qualified purchaser to sell the assets to that prospective purchaser that would render sufficient additional funds to pay all outstanding unsecured creditors.

15. The claim held by NEWAMCO is in the amount of approximately less than $7,000,000.00, pursuant to its recently filed proof of claim [Claim # 7].

Good Faith

16. Debtor believes it has entered into negotiations with NEWAMCO on a good faith basis.

17. It has now agreed to accept the declaration of the deficiency so long as it is permitted to allege a different value for the collateral.

18. Notwithstanding said offer, NEWAMCO continues to decline to accept the offer by Debtor.

IV.

RELIEF REQUESTED

19. Plaintiff is asking that the court immediately enter a temporary restraining order until such time as the Plaintiff can obtain a hearing on its application for injunctive relief, or if the Defendant is available to set this matter for hearing on an expeditious basis for a hearing on the Plaintiff's application for an injunction to stay the Defendant from:

   a. foreclosing on the property;

   b. exercising any state law remedies to collect the indebtedness secured by the Property without first seeking permission of this Bankruptcy Court; and

   c. exercising any right to foreclose the Defendant's liens and security interests in accordance with its loan documents and the laws of the State of Texas without first seeking permission of this Bankruptcy Court.

V.

SHOWING NECESSARY FOR PRELIMINARY INJUNCTION

20. To be entitled to a preliminary injunction an applicant must show:

   a. a substantial likelihood of success on the merits.

      b.      a substantial threat of irreparable harm if the injunction is not granted:

      c.      that the threatened injury outweighs any harm that the injunction might cause the defendant; and

      d.      that the injunction will not disserve the public interest.

See, *Opulent Life Church v City of Holly Springs*, 697 F3d 279, 288 (5th Cir. 2012).

Substantial Likelihood of Success

21. Courts in other jurisdictions have held that success on the merits is to be evaluated in terms of the likelihood of a successful reorganization. *In re Sudbury, Inc.*, 140 B.R. 461, 466 (N.D. Ohio 1992). While there can be no assurance that confirmation will be achieved, the Debtor's efforts since June 2015 show real progress in moving this case toward confirmation. A plan has been prepared and can be filed within an additional thirty days. The Debtor asks that the confirmation process be allowed to continue to see if this successful result can be reached. As detailed in the Declaration of Robert G. Call in Support of the Debtor's Motion for Temporary Restraining Order and for Preliminary Injunction (the "Declaration"), the Properties are necessary for the Debtor's plan of reorganization in that the Debtor will be able to offer them to a prospective purchaser that would generate more than sufficient funds to pay all creditors, including the secured, priority and unsecured creditors. (*See* Declaration)

Substantial Threat of Irreparable Harm If the Injunction Is Not Granted

22. The threatened foreclosure will completely defeat the Debtor's ability to reorganize and pay all of its claims in full. *(See* Declaration) It would deprive the Debtor of its primary assets, the oil and gas leases, which are the subject of a prospective purchase and sale agreement.. *(See* Declaration)

The Threatened Injury Outweighs Any Harm That the Injunction Might Cause the Defendant

23. The Debtor does not seek to permanently divest NEWAMCO of its lien rights with respect to the Properties. Whatever claim NEWAMCO has, it will continue to be secured by the Properties. *(See* Declaration Paragraph) At most, the issuance of the TRO and injunction will delay the enforcement of those rights to give the Court, the Debtor and the creditors time to at least see if the Debtor's primary assets can sold for an amount to pay all claims in full, including that of NEWAMCO. The court can set a relatively short time for the confirmation process, and if the properties are not sold as anticipated, NEWAMCO can still foreclose its liens. Allowing the foreclosure will destroy the Debtor's reason for being bankruptcy, i.e., saving the Properties, and terminate any possibility of a reorganization to pay other creditors (*See* Declaration)

The Injunction Will Not Disserve the Public Interest

24. Courts have generally recognized a public interest in reorganization in chapter 11 cases, the public interest focuses on the interest in, among other things, "the unquestioned public interest in promoting a viable reorganization of the debtor." *In re A.H. Robins*, 788 F.2d 994, 1008 (4th Cir 1985) cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).

25. The injunctive relief sought herein will serve the public interest by assisting in a reorganization that will maximize value for, both present and future, and will create a "level playing field" to assure equality of distribution among similarly situated claimants. The Debtor is seeking a temporary stay of the foreclosure to have a meaningful opportunity to sell the leaseholds, and protect the value of the Debtor's property of the estate for the benefit of *all* its creditors.

26. Promoting the success of the Debtor's efforts in that regard is clearly in the public interest.

27. The injunction requested thus would serve to ensure the fair and equal treatment of all claimants, including those who are not before the Court but who will have an effective opportunity to recover on their claims against the Debtor themselves but only if the pending foreclosure is stayed if the injunction were not issued.

28. Injunctive relief will impose a minimal burden because:

   a. it will be temporary;

   b. it is reasonably limited in scope, and;

   c. if the Debtor's leaseholds are not sold as anticipated, it will be of limited duration.

29. Accordingly, the injunctive relief sought in the Motion will benefit the estate greatly, but will not prejudice the Defendant.

30. Without this Court's immediate issuance of an injunction enjoining NEWAMCO from the scheduled foreclosure, the Debtor will suffer irreparable harm and injury. The Debtor will lose its oil and gas leases, which are the subject of an anticipated purchase and sale agreement, which is anticipated to pay *all* claims in full.*(See* Declaration). Without these properties the Debtor cannot have a feasible plan. ( *See* Declaration)

31. The Debtor has no other remedy at law that will avoid the threatened injury, which will occur without further notice. The Debtor is therefore asking the court to grant it a preliminary injunction to continue until a final confirmation hearing

Temporary Restraining Order Is Necessary to Effectuate the Debtor's Plan
and Injunctive Relief Sought in this Case

32. Federal Rule of Civil Procedure 65(b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7065, provides as follows:

   A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by

  affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

33. Debtor's and NEWAMCO's counsel have been conferring for several weeks about reaching an agreement. The discussions have been revolving around the alleged deficiency if the property is foreclosed, which items the Debtor has agreed to in the meantime.

34. The settlement discussions would have encompassed all of the disputes between:

  a.  the Debtor; and

  b.  NEWAMCO

Any proposed settlement sought was an effort to see if a global resolution of these disputes could be accomplished efficiently and without the respective sides incurring extensive costs. The parties were not able to agree to the terms of a settlement and time has run out for any further productive discussions with the Properties posted for an August 2, 2016 foreclosure.

35. Counsel for Debtor understands that without a settlement agreement in place, which is no longer an option, that NEWAMCO intends to go forward with the foreclosures.

36. NEWAMCO's counsel and Debtor's counsel have no agreement as to when to have the application for an injunction heard..

37. On August 1, 2016,, at the time of filing this Application, the Debtor served on counsel for NEWAMCO a copy of this pleading.

38. The Debtor believes that this notice is adequate in light of the circumstances and in light of the temporary nature of the relief.

Request for TRO or Emergency Hearing

39. Practically speaking there is not enough time between the filing of this Application on August 1, 2016 and the foreclosure scheduled to occur on August 2, 2016 to notice and schedule an evidentiary hearing for an injunction unless the court grants the Plaintiff an emergency hearing in this matter on August 1, 2016.

40. The Plaintiff would therefore ask the court to set the matter for hearing on an expeditioujs basis but further the Plaintiff would ask the court to grant the TRO and set the application for an injunction to be heard after August 2, 2016.

VI

EMERGENCY RELIEF

41. An emergency hearing is necessary because NEWAMCO's actions threaten to irreparably harm the Debtor and valuable property of the estate which is essential to a successful reorganization, particularly preparing the purchase and sale agreement, before a hearing can be held giving the Defendant the number of days usually allowed under the rules to respond to the Debtor's application. If an emergency hearing is not granted Defendant will sell the Property before the opportunity for a hearing, rendering the application for a temporary injunction moot, making the Debtor's plan of reorganization not feasible and thereby resulting in irreparable harm to Plaintiff.

Request that the Court Not require a Bond for the Issuance of the TRO or Injunction

42. Although Federal Rule of Civil Procedure 65 (c) mandates that no preliminary injunction be issued unless the party seeking the injunction posts a bond, Federal Rule of Bankruptcy Procedure 7065 exempts an application made by a debtor, trustee, or debtor in possession from the bond requirement. *See, e.g., In re Young*, 193 B.R. 620, 628 (Bankr. D.D.C. 1996).

Bankruptcy Rule 7065 provides in relevant part that "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor-in-possession without compliance with [Federal Rule of Civil Procedure] 65 (c) [which governs the posting of a bond or security]." Fed. R. Bankr. P. 7065. Accordingly, the Debtors request that this Court forego imposing such bond requirement if the injunctive relief is granted.

WHEREFORE, Plaintiff respectfully prays that the court either grant a temporary restraining order to stay the foreclosure by NEWAMCO on the Properties, or set this matter for a hearing on or shortly after August 1, 2016 and at said hearing grant the Plaintiff an injunction that stays the Defendant NEWAMCO from:

a. exercising any state law remedies to collect the indebtedness secured by the Property

b. without first seeking permission of this Bankruptcy Court; and

c. exercising any right to foreclose the Defendant's liens and security interests in accordance with its loan documents and the laws of the State of Texas without first seeking permission of this Bankruptcy Court:

d. if the court grants the TRO then Plaintiff asks that the court set a date for an evidentiary hearing on the Plaintiff's application for injunction within ten days of the date the TRO is entered; and,

e. If the court grants an injunction that said injunction continues in effect until a final confirmation hearing is held on the Debtor's Plan of Reorganization as same may be amended or until further order of this court.

Plaintiff prays for such other and further relief to which it may show itself justly entitled.

/s/ *Jesse Blanco*

_____
Jesse Blanco

Attorney for Debtor
7406 Garden Grove
San Antonio, Texas 78250
713.320.3732 Telephone
210.509.6903 Facsimile
lawyerjblanco@gmail.com

Certificate of Conference

This is to certify that I conferred with Ross Spence, counsel for NEWAMCO about this Application for a Temporary Restraining Order and Temporary Injunction on the 1st day of August, 2016 and that we were unable to reach an agreement as to the merits of the complaint.

/s/ *Jesse Blanco*

_____
Jesse Blanco