July 5, 2016

Page 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION



```
IN RE:                         * Case No. 16-70045
                               *
Bluff Creek Production, LLC,   *
                               *
     Debtor.                   * July 5, 2016
```

---

BEFORE THE HONORABLE RONALD B. KING

BANKRUPTCY JUDGE

---

AGREEMENT

(Related Document(s): 49 - Motion to Reinstate Stay, or, Alternatively, to Compel Creditor to Comply with Rule 4001(a)(3) filed by Jesse Blanco, Jr., for Debtor Bluff Creek Production, LLC).

\*\*\*\*\*\*\*\*\*

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

July 5, 2016

1             A P P E A R A N C E S

5   LAW OFFICE OF JESSE BLANCO, JR.

6   By: Mr. Jesse Blanco, Jr.

7   7406 Garden Grove

8   San Antonio, Texas 78250

9   Appearing for the Debtor;

12   SNOW SPENCE GREEN, LLP

13   By: Mr. William Ross Spence

14   2929 Allen Parkway, Suite 2800

15   Houston, Texas 77019

16   Appearing for NEW AMCO, LLC.

18               * * * * * *

1               THE COURT:  Good morning, ladies and
2    gentlemen.  We'll call our 9:30 case first.
3               COURTROOM DEPUTY:  Bluff Creek Production,
4    LLC.
5               MR. BLANCO:  Jesse Blanco for the Debtor,
6    Bluff Creek Production, your Honor.
7               MR. SPENCE:  Ross Spence with the lender,
8    NEW AMCO, LLC.
9               THE COURT:  All right.  Where are we?
10              MR. BLANCO:  We have, I think, the terms of
11   a settlement.  Counsel will read the terms, and we'll,
12   obviously, send you a form of the order, and with the
13   expectation that it will be approved by me.  But I
14   will let him recite the terms.
15              THE COURT:  Okay.
16              MR. SPENCE:  I would only qualify that to
17   say that we believe we have an agreement.  We need
18   an announcement that it is agreed, on the record,
19   otherwise, we would need to go forward with the
20   hearing.
21              THE COURT:  Okay.
22              MR. SPENCE:  The agreement would be that the
23   stay remains lifted.  You have a motion to reinstate
24   the stay pending today.
25              THE COURT:  Right.

1          MR. SPENCE:  That would not happen, and it
2  would remain lifted.
3          THE COURT:  Okay.
4          MR. SPENCE:  There would be a complete
5  release by the Bluff Creek parties and their
6  personal -- Gary Call, who's the principal of NEW
7  AMCO, its affiliates, assigns, and everybody related
8  to it, a thorough -- very thorough release.
9      And it would include that NEW AMCO is a settling
10 party, because this Debtor is planning on suing a
11 third-party bank, and we're worried about being
12 brought into that suit with the third party.  But we
13 want to be --
14         THE COURT:  Right.
15         MR. SPENCE:  -- the settling party in that
16 lawsuit.
17         THE COURT:  Okay.
18         MR. SPENCE:  So, that's part of it.
19     That the Debtor would sign deeds in lieu of
20 foreclosure on the form that we last sent them, as
21 drafts, that -- on our forms, un-modified, and that
22 they will do that by tomorrow, certainly try to do it
23 today, notarized, signed, executed and delivered,
24 deeds in lieu of foreclosure.
25     And that the deficiencies will remain, the

1  deficiencies between the loan balance, with all of its
2  costs and expenses, and the amounts that were paid.
3       That there will be complete cooperation by the
4  Debtor parties and Mr. Call in turning over the -- the
5  keys; the records; they're all filed electronic and
6  physical; well files, land files, operation files,
7  vendor files, every kind of record relating to the
8  business; and all keys to vehicles, et cetera.
9       That all vehicles are included in the
10 transaction.  In other words, we could be foreclosing
11 on every single vehicle, but they had held out for
12 certain vehicles to be kept by Mr. Call.  But we're --
13 we're now including all vehicles in the transaction so
14 that NEW AMCO becomes titled owner to all vehicles.
15      And that the personal guarantee, then, provided
16 all those things happen, would be released.  Mr. Call
17 would be released from his personal guarantee.
18      If he doesn't deliver, by tomorrow, these --
19 executed, signed, delivered deeds in lieu of
20 foreclosure, and cooperate on all these other points,
21 then a $2 million deficiency judgment would be entered
22 into -- against Mr. Call, on a personal guarantee
23 lawsuit that's pending right now in Dallas County, and
24 that judgment would be a final judgment agreed to here
25 today, to be entered if he doesn't deliver.

1    So, those are the terms, as we understand them,
2  from NEW AMCO's point of view.
3         THE COURT:  Okay.  Mr. Blanco?
4         MR. BLANCO:  The recitations of counsel,
5  that's as I understand them also, your Honor.
6  (Cough.)  Excuse me.  The only caveat is that I'd
7  like to see the form of the order.  My client insisted
8  on seeing the terms in writing.
9         THE COURT:  Okay.
10        MR. BLANCO:  I have -- And I will state, for
11 the record, I've had nothing but the highest regard
12 for Mr. Spence's management of this particular case on
13 behalf of his client.  So, I doubt that anything that
14 he has said is going to be contrary to what is reduced
15 to writing.
16        THE COURT:  Okay.  How long will it take you
17 to put the order together, Mr. Spence?
18        MR. SPENCE:  I have to appear in New Orleans
19 tomorrow, so it'll be Wednesday -- I mean, Thursday,
20 now.
21        THE COURT:  Okay.  But they have to turn
22 over documents, and keys, and so forth, to you today
23 or tomorrow, right, before the order's actually
24 signed?
25        MR. SPENCE:  Correct.

1            THE COURT: Okay.
2            MR. SPENCE: In fact, I don't really
3    envision an order, more of a -- this recital of the
4    agreement in the record is the agreement, a Rule 11
5    agreement amongst the counsel. That's the -- really,
6    the way I envision it.
7            MR. BLANCO: I would ordinarily --
8            THE COURT: Well, we do need an order.
9        But go ahead, Mr. Blanco.
10           MR. BLANCO: Once a --
11           THE COURT: We do need an order, a written
12   order.
13           MR. BLANCO: Your Honor, I would -- With all
14   due respect to the Court, the Court can say anything,
15   the Court can do anything, but unless it's reduced to
16   writing, signed off, it's not "soup," so to speak. We
17   have to have an order.
18           THE COURT: Well, we'll -- we'll have to
19   have a written order, of course. But we will hold
20   people's feet to the fire based on oral announcements
21   on the record, so...
22           MR. BLANCO: That's correct.
23           MR. SPENCE: I'll endeavor to try to draft
24   the order long-distance today.
25           THE COURT: Okay.

1          MR. SPENCE: I'll try to do that.
2          THE COURT: Yeah. If you can get it to
3    Mr. Blanco, and -- and upload it somehow, you know,
4    sitting at the airport, or wherever you are, that
5    would be helpful. But if you can't, that's fine.
6       But that doesn't excuse your client from
7    performing their obligations today and tomorrow,
8    right, Mr. Blanco?
9          MR. BLANCO: That is correct, your Honor.
10         THE COURT: Okay.
11         MR. BLANCO: I would just note, it should
12   not be an issue, but my client had day-surgery for
13   skin cancer on his scalp Friday morning.
14         THE COURT: Okay.
15         MR. BLANCO: He would have been here today
16   to testify to certain items, but he called me
17   yesterday afternoon and said his face is swelling up
18   and he's having complications.
19         THE COURT: Okay.
20         MR. BLANCO: That's why he could not be
21   here.
22         THE COURT: Okay.
23         MR. BLANCO: I'm assuming that the health
24   issues will not interfere with his ability to perform
25   on all of the issues announced by counsel --

July 5, 2016

Page 9

1     THE COURT: All right.

2     MR. BLANCO: -- just a few minutes ago.

3     THE COURT: All right. Well, I hope not.

4     All right. If you'll submit us the order,

5  Mr. Spence. Thank you.

6     MR. BLANCO: Thank you, your Honor.

7     THE COURT: All right. Thanks, gentlemen.

8     (Other matters taken up.)

9     ************

10    I, Court approved transcriber, certify that the foregoing is a correct transcript from the official

11  electronic sound recording of the proceedings in the above-entitled matter.

12

13  /s/ Darla Messina                        July 15, 2016
    Signature of Approved Transcriber    Date

14

15
    Darla Messina
16  Typed or Printed Name

17

18

19

20

21

22

23

24

25